# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**MARIO FREEMAN,**

    **Plaintiff,**

  v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS,**

    **Defendant.**

Case No. 1:23-cv-270

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Gentry

## ORDER

Before the Court is Magistrate Judge Gentry's June 28, 2023, Report and Recommendation (R&R, Doc. 4), which recommends that the Court dismiss Plaintiff's Complaint (Doc. 1) for failure to prosecute. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 4) and accordingly **DISMISSES** Freeman's Complaint (Doc. 1) **WITHOUT PREJUDICE**.

On May 8, 2023, Freeman filed his complaint alleging a cause of action under 42 U.S.C. § 1983 sans paying the filing fee or moving to proceed in forma pauperis. (Doc. 1). On May 17, 2023, Freedman was notified of the deficiency and ordered either to pay the filing fee or to file an in forma pauperis motion within thirty days of the entry of the order. (Doc. 2, #7). And he was notified that a failure to comply would result in a dismissal of his cause for failure to prosecute. (*Id.*). After more than thirty days passed without word from Freeman, on June 28, 2023, the Magistrate Judge issued the R&R recommending dismissal for failure to prosecute. (Doc. 4, #12–13).

The R&R also advised Freeman that failing to object within 14 days could result in a forfeiture of his right to the Court's de novo review of the R&R as well as his right to appeal this decision. (Doc. 4, #13–14). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Freeman needed to object by July 12, 2023. The time for objecting has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and has determined that it does not contain any "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Because Freeman failed to obey the Court's deficiency order and has not prosecuted this matter further, the Magistrate Judge recommended dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 4, #12). Freeman has taken no further action since the Magistrate Judge issued the R&R. Based on this record, the Court finds no clear error in the Magistrate Judge's recommendation. Freeman had notice, via the Court's deficiency order, that he could face a dismissal if he continued in his failure to prosecute this case. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). And his disregard for the deadline set forth in that

order constitutes bad faith conduct. *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) ("[A] case is properly dismissed … where there is a clear record of delay or contumacious conduct." (citation omitted)). Moreover, as courts have recognized in other cases with analogous postures, "no alternative sanction [to dismissal] would protect the integrity of the pretrial process." *E.g.*, *Williams v. Daugherty*, No. 2:22-cv-3817, 2022 WL 17817692, at *2 (S.D. Ohio Dec. 20, 2022). So the Magistrate Judge did not clearly err in determining that this case warrants a sua sponte dismissal under Federal Rule of Civil Procedure 41(b).

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 4) and **DISMISSES WITHOUT PREJUDICE** Freeman's Complaint (Doc. 1). The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

October 12, 2023
**DATE**

        **DOUGLAS R. COLE**
        **UNITED STATES DISTRICT JUDGE**